RECEIVED
IN LAKE CHARLES, LA
AUG 17 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH A. ACKLEY, | * | CIVIL ACTION NO. 2:15-cv-1188 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| HONEYWELL INTERNATIONAL INC., | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Honeywell International Inc.'s ("Honeywell") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 7], to which Keith Ackley ("Ackley") has filed a Response [Doc. 12], to which Honeywell has filed a Reply [Doc. 13]. For the following reasons, the Motion [Doc. 7] is **GRANTED, IN PART,** and **DENIED, IN PART.**

### FACTS & PROCEDURAL HISTORY

From 1993 through 2009, Ackley was employed as an account manager at Honeywell.[1] In 2001, it is alleged that two of Honeywell's authorized agents offered 1,000 shares of Honeywell stock options to Ackley in exchange for Ackley staying on as a Honeywell employee.[2] Ackley accepted the offer and was granted 1,000 shares of common stock pursuant to Honeywell's "1993 Stock Plan" ("the Plan").[3] After accepting the offer of the Honeywell stock option, Ackley periodically received statements from Honeywell confirming the number of his outstanding shares and hypothetical pre-tax gain.[4]

---

[1] Compl. [Doc. 1-1] ¶ 3.
[2] *Id.* ¶ 4.
[3] *Id.* ¶¶ 5-6.
[4] *Id.* ¶ 9.

On April 29, 2009, Ackley was terminated as part of a reduction in force.[5] Within three years of his termination, Ackley made inquiries with Honeywell in an effort to exercise his stock option.[6] In response, Honeywell informed Ackley that Ackley's stock option had expired on July 15, 2011, and alternatively, Ackley had never been issued a stock option and evidence to the contrary was sent in error.[7]

Ackley filed suit against Honeywell on March 17, 2015, in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana.[8] Honeywell thereafter removed to this court on April 14, 2015.[9] In his petition, Ackley alleges that Honeywell is liable for breach of contract, fraud, and violation of Louisiana Revised Statute 23:631, et seq.[10] On May 21, 2015, Honeywell filed the instant Motion, alleging that (1) Ackley's stock option expired before he attempted to exercise it, (2) the Louisiana Wage Payment Act ("LWPA") does not apply to the alleged option, (3) Ackley released his claims against Honeywell, and (4) failure to plead fraud with particularity.[11]

## LAW & ANALYSIS

### I.  Motion to Dismiss Standard

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* FED. R. CIV. P. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State*

---

[5] Compl. [Doc. 1-1] ¶ 8.
[6] *Id.* ¶ 11.
[7] *Id.* ¶¶ 11-14.
[8] *See id.*
[9] Not. of Removal [Doc. 1].
[10] Compl. [Doc. 1-1] ¶¶ 19-20.
[11] *See* Def.'s Mot. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 7].

*Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### II.   Expiration of Stock Option

Honeywell argues that pursuant to the Plan, Ackley's stock option expired in 2011.[12] The relevant Plan provision provides that an employee may exercise his stock option "for a period of three years following termination of employment, but in no case later than the date on which the Stock Option or Right terminates" but provides no date for termination of the stock option at issue.[13] In Ackley's complaint, he states that he was informed that his stock option expired in 2011.[14] This is not the same as an affirmative statement of the date of expiration. Ackley also alleges that it is untrue that the option term had expired at the time that he was attempting to exercise the option.[15] Ackley has alleged a cause of action in this regard.

### III.   Application of LWPA to Stock Option

The LWPA provides a duty on the part of an employer to pay, upon the discharge an employee, "the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month . . . ." La. Rev. Stat § 23:631A(1)(a). In 1983, the Louisiana Supreme Court narrowed its definition of wages payable under the LWPA to "payments of

---

[12] Memo. in Supp. of Mot. to Dismiss [Doc. 8], at 3-5.
[13] Def.'s Ex. A, The Plan [Doc. 8-2], at 4.
[14] Compl. [Doc. 1-1] ¶ 11.
[15] *Id.* ¶ 18.

3

money for labor or services according to contract and on an hourly, daily, or piecework basis . . . ." *Cornet v. Cahn Elec. Co.*, 434 So.2d 1052, 1056 n. 1 (1983).  The court in *Cornet* distinguished between awards "'in the nature of delayed compensation, or pay, for performed services during periods for which each contribution [to the reserve] was made'" and awards where the "principal motive was the encouragement of continued employment through the promise of an additional retirement benefit." *Cornet*, 434 So.2d at 1056 (quoting *Morse v. J. Ray McDermot & Co., Inc.*, 344 So.2d 1353, 1368 (La. 1977)).

In his complaint, Ackley asserts that the Honeywell stock option was offered "in return for Ackley agreeing to remain in the employ of Honeywell."[16]  The stock option was not due at the time of Ackley's termination.  Furthermore, the option as characterized in the complaint is not a wage as defined under the LWPA.  For these reasons, dismissal of Ackley's claim for damages under the LWPA is appropriate.

### IV. Release of Ackley's Claims

Honeywell asserts that Ackley released his claims by signing the Separation Agreement in June 2009.[17]  The Separation Agreement provides for a release of "all claims of any nature whatsoever [Ackley had] arising out of [his] employment and/or the termination of [his] employment with the Honeywell Group."[18]  However, the Separation Agreement also states that the release does not apply to "claims arising out of any act or omission occurring after the date" that the agreement was signed.[19]

At the time Ackley signed the Separation Agreement, there was no claim to be released for the stock option.  Ackley's claim arose when he attempted to exercise the stock option and

---

[16] Compl. [Doc. 1-1] ¶ 4.
[17] Memo. in Supp. of Mot. to Dismiss [Doc. 8], at 8 (citing Def.'s Ex. B, Separation Agreement [Doc. 8-3], at 3).
[18] Def.'s Ex. B, Separation Agreement [Doc. 8-3], at 3.
[19] *Id.*

was prevented from doing so by Honeywell. There was nothing actionable at the time of termination, so there was no release at that time. Furthermore, if the provision were interpreted to broadly bar claims arising from the inability to exercise stock options after termination, then the Plan provision allowing exercise of stock options up to three years after termination would be largely meaningless. Honeywell could refuse to allow all terminated employees to exercise stock options after the date of termination and argue that such claims arising from those refusals were released. The theory of release does not provide a sufficient basis for dismissal.

## V.     Fraud

Finally, Honeywell asserts that Ackley's fraud claims must be dismissed because he failed to plead fraud with particularity.[20]

Federal Rule of Civil Procedure 9(b) requires that a plaintiff's complaint "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Louisiana Civil Code article 1953 states that fraud is made with "the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience for the other." LA. CIV. CODE art. 1953. Ackley's complaint contains no allegations as to the intent of Honeywell and its agents.

Federal Rule of Civil Procedure 15 empowers the court to grant a party leave to amend a complaint "when justice so requires." FED. R. CIV. PRO. 15(a)(2). *See also Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (citations omitted). District courts possess broad discretion in determining whether to permit amended complaints. *Crostley v. Lamar Cnty., Texas*, 717 F.3d 410, 420 (5th Cir. 2013) (citing *McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1224 (5th Cir.1987)) (additional citations omitted). The plaintiff's fraud claim falls short of the plausibility standard created by *Twombly* and *Iqbal*. However, the granting of a motion to

---

[20] Memo. in Supp. of Mot. to Dismiss [Doc. 8], at 8 n. 4.

dismiss for failure to state a claim should not be liberally granted, and there is no compelling reason to deny the plaintiffs leave to amend.

Lake Charles, Louisiana, this 12 day of August, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE