UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH A. ACKLEY, | * | CIVIL ACTION NO. 2:15-cv-1188 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| HONEYWELL INTERNATIONAL INC., | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Docs. 18 & 19) filed by Honeywell International, Inc. ("Honeywell"), a Response (Rec. Doc. 21) filed by Keith A. Ackley, and a Reply (Rec. Doc. 22) filed by Honeywell. For the following reasons, the motion (Rec. Doc. 18) will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On August 17, 2015, the court issued a Memorandum Ruling finding that Ackley failed to plead fraud with particularity because the original petition contains no allegations as to the intent of Honeywell and its agents.[1] However, the court granted leave to Ackley to amend his petition in regard to the fraud claim. On September 8, 2015, Ackley filed an amended petition.[2] On September 24, 2015, Honeywell filed a second motion to dismiss directed at Ackley's amended fraud claim.[3]

---

[1] Memo. Ruling (Rec. Doc. 14). A summary of the facts of the case can be found therein.
[2] Am. Pet. (Rec. Doc. 16).
[3] Mot. to Dismiss (Rec. Doc. 18).

1

## LAW & ANALYSIS

### I. Motion to Dismiss Standard

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* FED. R. CIV. P. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### II. Fraud

Federal Rule of Civil Procedure 9(b) governs the pleading standards for a claim of fraud. FED. R. CIV. P. 9(b). While the first sentence of 9(b) states that fraud claims must be pleaded with particularity, the second sentence provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "Although Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id.*

2

Ackley amended his petition with the following language:

13.

. . . . This email informed Ackley that Honeywell discovered the error in 2002. Ackley maintains that Honeywell remained silent about the alleged error for approximately ten years and failed to inform Ackley of the alleged error with the intention to either obtain an unjust advantage over Ackley or to cause a loss or inconvenience to Ackley and by said silence violated Civil Code art. 1953.

19.

. . . all done with the knowledge, malice and intention to either obtain an unjust advantage for Honeywell or to cause a loss for Ackley, Honeywell violated Louisiana Civil Code art 1953, and . . . .

Even under Rule 9(b)'s general pleading standard for intent, Ackley's amendments to the petition are insufficient. The allegation that Honeywell intended "to either obtain an unjust advantage over Ackley or to cause a loss or inconvenience to Ackley and by said silence violated Civil Code art. 1953" in paragraph 13 and the entirety of the amended language in paragraph 19 are insufficient to cure the petition as they simply allege Honeywell possessed fraudulent intent using conclusory statements that track LA. CIV. CODE ANN. art. 1953 and Rule 9(b). The only substantive allegation added to the petition is that an "email informed Ackley that Honeywell discovered the error in 2002 [and] Honeywell remained silent about the alleged error for approximately ten years and failed to inform Ackley of the alleged error . . . ." However, a casual reading of that email reveals that it actually states that there was an administrative error that caused issues which surfaced in 2002, and that Honeywell failed to identify the error affecting

3

Ackley at that time.[4] In light of this, the court finds that Ackley has failed to sufficiently allege the fraudulent intent of Honeywell and its agents.

## CONCLUSION

Ackley's amended fraud claim is still deficient under Rule 9(b). The court has already allowed Ackley to amend his petition to no avail, and declines to offer Ackley a second bite at the apple. Thus, the fraud claim will be dismissed.

Lake Charles, Louisiana, this 26 day of ___April___, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] "It seems there was an administrative error that impacted some of the employees in your business unit . . . in 2001. These issues surfaced in 2002.

. . .

We believe you fall into this category even though your account wasn't identified at the time.

. . .

The business hoped they had caught all the issues and resolved this in 2003 but they were not completely confident of that. Unfortunately, we did not catch the error in the system and therefore the grant was still showing at Morgan Stanley Smith Barney." Ex. A, May 1, 2012, Email (Rec. Doc. 22-2), at 4.

Even though this is a Rule 12(b)(6) motion to dismiss and the email is an extrinsic document, the court took the email into consideration because it is referenced in the amended petition, it is integral to Ackley's fraud claim, and neither party questions its authenticity.

4