UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEITH A. ACKLEY** | **:** | **DOCKET NO. 2:15-cv-01188** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **HONEYWELL INTERNATIONAL, INC.** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Compel [doc. 35] filed by defendant Honeywell International Inc. ("Honeywell"). Defendant also seeks attorney's fees and costs incurred in bringing this Motion. *Id*. Plaintiff Keith A. Ackley ("Ackley") has filed a response in opposition [doc. 37].

For the following reasons, defendant's Motion to Compel is **GRANTED**. The Motion for Costs and Attorney's Fees is **DENIED.**

### I.
#### BACKGROUND

Ackley's lawsuit seeks recovery of damages against his former employer, Honeywell, based on theories of detrimental reliance and breach of contract. Doc. 1, att. 1. Ackley claims that in 2001, as part of an incentive to keep him employed, Honeywell's authorized agents offered him a stock option of 1,000 shares of Honeywell stock. *Id.* at p. 4. Ackley maintains that he accepted the offer and continued working for Honeywell until 2009 when his employment was involuntarily terminated. *Id.* at p. 5. When Ackley attempted to exercise his stock option in 2012, within three years of termination of employment, Honeywell's authorized agents first informed him that the

stock option expired in 2011. *Id.* Later email correspondence from Honeywell advised Ackley that the stock option had not been offered at all. *Id*. Because he remained employed until he was involuntarily terminated, Ackley claims he relied, to his detriment, on the promise of that option. *Id*.

In order to address the claims, Honeywell sought discovery regarding "Ackley's financial understanding, his experience with securities transactions, and the nature of advice and information available to him." Doc. 35, att. 1, p. 1. In response, Ackley objected specifically to interrogatories No. 4 and No. 6, and Request for Production No. 9, arguing that the information sought was not relevant and/or not proportional to the needs of the case. Doc. 35, att. 7, 8. Honeywell filed the motion before the court in order to obtain the information sought. Doc. 35.

## II.
### ANALYSIS

Through written discovery Honeywell requested the following:

**INTERROGATORY NO. 4:**

Identify each and every person (including, their names, addresses, and telephone numbers) from whom you have sought or received financial advice, for compensation or otherwise, since July 15, 2001. This interrogatory includes, without limitation, any accountant(s), tax advisor(s), attorney(s), financial advisor(s), chartered financial analyst(s), stock broker(s), securities dealer(s), financial planner(s), retirement planner(s), financial consultant(s), estate planner(s), any other person(s) holding themselves out as providing financial advice or advisory services, or any entity(-ies) that provide such services through any individual provider described
above.

**INTERROGATORY NO. 6:**

Identify each any every investment account you have, or have had since 2001, and in which you had the ability (whether you exercised the ability or not) to direct the purchase or sale of any securities or other investment, including without limitation any brokerage account, asset management account, individual retirement account, retirement-plan

account, margin account, trading account, or the like. As used herein, "identify" means to provide the name of the institution where the account was established and/or maintained, the address, phone number, account number, and the name of your primary point of contact at said institution.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all state and federal income-tax returns filed for the years 2001 through 2015.

Doc. 35, att. 7, pp. 3-4, att. 8, p. 3. Ackley objects to these interrogatories on the basis that the information sought is not relevant to Ackley's claims or Honeywell's defenses and not proportional to the needs of the case. We will address each of Ackley's objections in turn.

A. *Relevance*

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It states, in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have boundaries and it is well established that the scope of discovery is within the sound discretion of the trial court. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Burns v Thiokol Chemical Corp.,* 483 F.2d 300 (5th Cir.1973).

Honeywell's motion to compel seeks information regarding Ackley's financial sophistication in order to defend against Ackley's claims of breach of contract and detrimental

reliance. Honeywell argues that Ackley's understanding of personal finances and financial sophistication are directly at issue in this lawsuit.

First, regarding Ackley's claim for detrimental reliance, Honeywell asserts that whether or not the reliance was reasonable is an element the trier of fact must consider. In order to establish a claim for detrimental reliance, Ackley must show "(1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.,* 376 F.3d 399, 403 (5th Cir. 2004). Detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Id.*

Citing the case of case *Scottish Heritable Trust, LC v. Peat Marwick Main & Co.*, 81 F.3d 606 (5th Cir. 1996), Honeywell argues that a claimant's financial sophistication is an essential component of the second prong, that is, whether or not the reliance was justified or reasonable.[1] In that case, the Fifth Circuit noted that "[t]he justifiableness of the reliance is judged in light of the plaintiff's intelligence and experience." *Id.* at 615. The court looked to facts such as plaintiff's business sophistication, use of financial advisors, and experience in determining whether the reliance was justified. *Id.*

Honeywell asserts that Ackley's tax returns may show gains and losses on transactions in stocks, bonds, and other investments. These transactions may show that Ackley is familiar with financial instruments similar to the stock option at issue in this suit. Additionally, Honeywell argues that Ackley's tax returns could show the presence of capital gains or losses which may have affected the timing of his decision of whether or not to exercise the stock option. Honeywell also asserts that the manner in which Ackley reported his 2009 severance payments on his tax returns

---

[1] Although this case involved a claim for negligent misrepresentation rather than detrimental reliance, it is nonetheless applicable as both theories of recovery share the common element of "justifiable reliance."

could establish his understanding that the Separation Agreement he executed when his employment ended forecloses his stock option claim. Finally, Honeywell asserts that tax returns could show extreme financial need which could reveal the reason Ackley opted to assert these claims.

Honeywell claims that information regarding Ackley's financial advisors and investment accounts will also show Ackley's financial sophistication and whether or not he consulted with financial advisors in connection with his personal finances including the stock option. This information, like the tax returns, will also show Ackley's financial sophistication.

In opposition, Ackley maintains that the inquiry into his financial sophistication is irrelevant because it will not tend to show whether his reliance on the promise to provide the stock option was reasonable. He asserts that his tax returns are not relevant because they "had no effect on the rise and fall of the dollar value of Honeywell's stock over the course of the dispute." Doc. 37, p. 13.

We do not find Ackley's arguments persuasive. We agree with Honeywell that the information requested is relevant and should be produced.

### B. *Proportionality*

Although Ackley opposes Honeywell's motion to compel on the grounds of proportionality and sets forth the factors to consider when evaluating proportionality, his arguments actually re-address whether or not the information requested is relevant. He argues that his tax returns and financial dealings are not relevant to Honeywell's defense that is his claim is time barred and that the information is "totally irrelevant to the dollar amount in controversy" without further comment. Doc. 37, att. 1, p. 14.

The factors the court should consider when determining proportionality are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Honeywell correctly points out that Ackley fails to effectively address any of the factors set forth above and fails to articulate any sound reasoning to limit the evidence based on proportionality. We agree. Ackley provides no evidence that it would be difficult, time consuming, or expensive to produce the information requested and since we have previously determined the information requested is relevant to the issues, we find his objection is unfounded.

For these reasons, Honeywell's motion to compel will be granted.

### C. *Attorney Fees*

Honeywell requests that Ackley pay the reasonable attorney fees and costs associated with this filing. Under Rule 37(a)(5)(A) if the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed.R.Civ.P. 37(a)(5)(A)(ii). Finding Ackley's objection substantially justified, we decline to impose costs and attorney's fees.

## III.
### CONCLUSION

Based on the above reasons, Ackley's motion to compel [doc. 35] is GRANTED. His motion for attorney's fees is DENIED.

THUS DONE this 31st day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE