# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| KEITH A. ACKLEY | CIVIL ACTION NO. 2:15-1188 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HONEYWELL INTERNATIONAL INC. | MAGISTRATE JUDGE KAY |

## RULING ON OBJECTIONS

Before the Court are cross-motions for summary judgment filed by Plaintiff Keith Ackley ("Ackley") and Defendant Honeywell International Inc. ("Honeywell").[1] The Magistrate Judge has issued a Report and Recommendation wherein she recommends each motion be granted in part and denied in part.[2] Specifically, the Magistrate Judge recommends: (1) Ackley's claim for breach of an oral option contract should be dismissed for failure to meet statutory requirements; (2) Ackley's claim for breach of the written Option Agreement should be dismissed because Ackley failed to exercise the option within the time stipulated in that contract; (3) Ackley's claim for detrimental reliance should be dismissed, because it was unreasonable for Ackley to believe he could wait eleven years to exercise the option and Honeywell neither represented nor induced Ackley to believe the expiration term was eleven years; and (4) Honeywell's counterclaim for breach of the parties' Separation Agreement should be dismissed based upon the law-of-the-case doctrine. For the reasons provided in the Report and Recommendation, as supplemented herein, the Court adopts the recommendation of the Magistrate Judge over the objection of the Parties.

---

[1] Doc. Nos. 66, 72.

[2] Doc. 88.

1

Ackley was hired by Honeywell as an account manager in 1993. In July 2001, Ackley called his supervisor, Guy Grumbles, to express his dissatisfaction with his employment and advised Grumbles he was considering looking elsewhere for work. Ackley alleges shortly thereafter, Grumbles offered him 1,000 shares of Honeywell stock options in exchange for his continued employment. Ackley accepted Grumbles offer and agreed to continue his employment with Honeywell. Ackley contends he never received any written documentation setting forth the terms of the option agreement and was never notified the options had to be exercised by July 15, 2011.[3] According to Ackley, the only documentation he ever received regarding the stock options were his periodic statements for his 401(k) portfolio with Honeywell, which, until some unknown time before March or April of 2012, reflected he had 1000 shares of outstanding and exercisable Honeywell stock available.

On April 29, 2009, Honeywell terminated Ackley as part of a reduction in force. Shortly thereafter Ackley was provided with a proposed severance package, memorialized in a document entitled "Separation Agreement." Ackley signed the Separation Agreement on June 10, 2009, and in exchange for severance pay, he agreed to release Honeywell from claims arising out of his employment and termination. Of significance, the Separation Agreement incorporated an attached an exhibit which expressly provided that any stock options had to be exercised within "the lesser of (i) three years from your Termination of Employment Date, or (ii) the full remaining option term."[4]  In March or April of 2012, Ackley made his first inquiries to Honeywell about exercising

---

[3] Honeywell submitted evidence indicating the Option Agreement was likely distributed to Ackley in July 2001, but for purposes of the pending motions only, Honeywell does not dispute Ackley's claim that he never received the Option Agreement. However, Honeywell has submitted evidence that from 2001 forward, Ackley had online access to all material terms of governing the option agreement, including the expiration date, and that this information was additionally available to Ackley by a telephone inquiry.

[4] Doc. 66, att. 12 at 54.

the stock options.[5] On April 9, 2012, Ackley was advised that the stock options had expired on July 15, 2011.

**Ackley's Objections**

Ackley contends pursuant to his conversation with Grumbles, "Ackley and Honeywell agreed to a grant of 1,000 stock options to Ackley in return for Ackley agreeing to remain in Honeywell's employ."[6] Apparently recognizing this oral agreement could not create a binding option contract under applicable law, Ackley insists by his Objections that he is not relying upon the verbal agreement with Grumbles as a conveyance of the stock options to him.[7] Rather, Ackley asserts the agreement with Grumbles "is what caused Honeywell to enter into the binding written Option Agreement which conveyed the stock options to Ackley."[8] Ackley argues "his effort to exercise his options should be treated as timely by Honeywell because it was Honeywell's failure to provide information to Ackley informing him of the option's expiration date is [sic] what caused his efforts to exercise the options to be made after July 15, 2011."[9] In other words, Ackley asks this Court to enforce all aspects of the "binding written Option Agreement" except the term setting forth the deadline for exercise of the option. If the Court finds the option term set forth in the Option Agreement is not enforceable, then Honeywell's refusal to allow Ackley's 2012 attempt to exercise the options constitutes a breach of the Option Agreement. For the reasons provided herein,

---

[5] When asked what prompted him to exercise the options in March or April of 2012, Ackley testified he realized his Honeywell 401(k) statements had not reflected the outstanding stock options in some time and he "just wanted to check on it." Doc. 66-3 at 32.

[6] Doc. No. 72-2 at 14.

[7] Doc. No. 91-1 at 7.

[8] *Id.*

[9] Doc. No. 72-2 at 14.

3

as well as those previously set forth in the Report and Recommendation, the Court agrees with the Magistrate Judge that Ackley's position is untenable.

Ackley first objects to the Magistrate Judge's statement in the Background section of the Report and Recommendation that Honeywell disputes Ackley's assertion that he did not receive the Option Agreement. Ackley directs the Court to footnote 23, page 6, of Honeywell's Memorandum in Support of Summary Judgment which states, "Honeywell does not dispute Ackley's claim that he never received the Option Agreement *for purposes of this Motion.*"[10] As both the Magistrate Judge and the undersigned have presumed for purposes of analyzing these motions that Honeywell did not provide Ackley with a written copy of the Option Agreement, this objection has no bearing on the outcome of the Court's decision.[11]

Ackley objects to the Magistrate Judge's decision to limit her analysis of Honeywell's arguments to those presented in Honeywell's briefing, to the exclusion of defenses asserted by Honeywell elsewhere in the record.[12] Ackley contends had the Magistrate Judge considered these other defenses, the evidence would have established that Honeywell would have denied any request to exercise the stock options, even a timely one. The Court finds no error here. The Magistrate Judge addressed Honeywell's narrow grounds for summary judgment – that Ackley's

---

[10] Doc. 66-1, p. 11.

[11] Ackley similarly objects to the Magistrate Judge's statement in the Background section of the Report and Recommendation that the Option Grant "pointed Ackley to investment firm Salomon Smith Barney for information on his stock options," because Ackley did not receive the Option Grant. Doc. No. 91-1 at 2 (citing Doc. No. 88 at 2). For analytical purposes, the Magistrate Judge and this Court have presumed Honeywell did not provide Ackley with the Option Grant or Option Agreement. Accordingly, this objection has no bearing on the ultimate Ruling.

[12] More specifically, Ackley asserts it was error for the Magistrate Judge to exclude from her analysis Honeywell's position – not argued in the motion but found elsewhere in the record – that Honeywell had never issued the stock options to Ackley because he was ineligible to participate in the stock option plan, and that Ackley forfeited his stock options when he signed the Separation Agreement. Doc. No. 91-1 at 2-3.

breach of contract claim failed due to expiration of the term – and her findings disposed of Ackley's claims. The Court finds no error here. *See e.g. U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994) (a district court is permitted to grant summary judgment "on the basis of any facts shown by competent evidence in the record").

Ackley objects to the Magistrate Judge's statement that "the breach of contract claim fails as to the Option Agreement because Ackley does not identify any term of any agreement breached by Honeywell."[13] Ackley argues Honeywell breached the Option Agreement when it refused to allow Ackley to exercise the stock options in 2012. As noted by Honeywell, paragraph 3 of the Option Agreement expressly states that the option must be exercised prior to July 15, 2011. Definitionally, an option contract requires a party "to accept an offer to sell, or to buy, a thing *within a stipulated time*." La. Civ. Code art. 2620. An option for an indefinite period is void. *Crawford v. Deshotels*, 359 So.2d 118, 122 (La. 1978). In order to invoke a sale under an option to buy, the acceptance must be "in accordance with the terms and conditions of the proposal, . . . and formally exercised and tendered to the proposer *prior to the expiration date of the stipulated term*." *Rushing v. Glover*, 91 So.3d 1169, 1172 (La.App. 2 Cir. 2012) (emphasis added). Because Ackley did not exercise the option in accordance with the terms of the Option Agreement – *i.e.*, he did not exercise the option prior to the expiration of the option deadline – any obligation owed by Honeywell was extinguished as of July 15, 2011 due to Ackley's failure to perform in accordance with the terms of the agreement. *See e.g.* La. Civ. Code art. 1773; *Baro Controls, Inc. v. Prejean*, 634 So.2d 46, 48 (La.App. 1 Cir. 1994).

Ackley objects to the following statement of the Magistrate Judge:

> Courts considering detrimental reliance claims under Article 1967 have held that it may not be used to trump statutory contract requirements. . . Here, as shown above,

---

[13] Doc. 91-1 at 3 (quoting Doc. 88 at 8).

Grumbles' representations did not meet form requirements under Delaware law because it was not in writing or under Louisiana law because no term was specified. Accordingly, Ackley cannot claim detrimental reliance on the existence of stock options based on his conversation with Grumbles.[14]

Ackley's objection reads as follows:

> The Court erred by finding that Ackley cannot claim detrimental reliance on the existence of stock options because his conversation with Grumbles did not include a set term as required by Louisiana law or because under Delaware law the promise is not in writing. Here again, the Court erred when it concluded that the verbal agreement between Grumbles and Ackley was the contract that conveyed the stock options to Ackley. The Ackley/Grumbles agreement is what caused Honeywell to include Ackley as one of more than 5,000 employees to be granted options. It (the verbal agreement) is what caused Honeywell to enter into the binding written Option Agreement which conveyed the stock options to Ackley. The terms of the Option Agreement complied with all Delaware and Louisiana law requirements. As well the terms of the Option Agreement provided Ackley the right to exercise the options.[15]

The Court agrees with the Magistrate Judge that this position is untenable. Again, Ackley is asking this Court to enforce all terms of the written Option Agreement, save the term providing the deadline by which the option had to be exercised. While Ackley never states what belief he held as to the expiration of the option, Ackley insists he is not arguing the option was for a perpetual term.[16] Thus, it appears Ackley contends that due to Honeywell's failure to provide him with the written Option Agreement, by virtue of the Separation Agreement he had three years from his termination to exercise the option. This argument is unpersuasive because it does not comport with the terms of the Separation Agreement. Again, the Separation Agreement states "*you will have the lesser of* (i) three years from your Termination of Employment Date, or (ii) the full

---

[14] Doc. No. 88 at 10-11.

[15] Doc. No. 91-1 at 7.

[16] Again, an option for an indefinite or perpetual period is void. *Crawford*, 359 So.2d at 122.

remaining option term to exercise any vested . . . options."[17] Even assuming Ackley never received a copy of the written Option Agreement, for the reasons set forth in the Report and Recommendation, the Court finds it was unreasonable for Ackley to make no attempt to discover the expiration of the option term after he reviewed and signed the Separation Agreement.

The Court would additionally note "the existence of a promise is a necessary element of a detrimental-reliance claim," and for such purposes a "promise" is defined as "an assurance to do or not do something in the future." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 232 (5th Cir. 2018). In this matter, neither Grumbles nor anyone else at Honeywell made any oral promise to Ackley whatsoever as to the term of the Option Agreement, and therefore his claim of detrimental reliance cannot be based upon Grumble's statements. Likewise, any failure of Honeywell to provide Ackley with a copy of the written Option Agreement does not constitute a promise and therefore cannot support a claim of detrimental reliance. Further "a party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim detrimental reliance." *Acurio v. Cage*, 257 So.3d 824, 834 (La.App. 2 Cir. 2018)(citing *Luther v. IOM Co., LLC*, 130 So. 3d 817 (La. 2013)). For the reasons set forth in the Report and Recommendation, Ackley had "the means readily and conveniently available" to determine the expiration of the Option Agreement. The Court finds no error in the Magistrate Judge's recommendation.

## Honeywell's Objections

Honeywell objects to the Magistrate Judge's recommendation that Honeywell's claim for breach of the Separation Agreement be dismissed. The Magistrate Judge determined the law-of-the-case doctrine gave preclusive effect to the Court's August 2015 Ruling denying Honeywell's

---

[17] Doc. No. 66-12 at 54 (emphasis added).

Motion to Dismiss Ackley's suit on the basis that Ackley released all claims against Honeywell by virtue of the Separation Agreement.[18] Honeywell argues that the law-of-the-case doctrine is inapplicable, because after the Court's August 2015 Ruling, Ackley amended his complaint and "added a claim that Honeywell failed to notify him of the options' expiration date."[19] According to Honeywell, the amended complaint makes clear that "these claims fell within the release provisions of the Separation Agreement, not the carve-out for post-release acts or omissions underlying the earlier ruling."[20]

Ackley responds that Honeywell has misconstrued the amendment. According to Ackley, the language Honeywell relies upon does not add a new claim for relief, but instead merely adds a new allegation of fact. According to Ackley, both the original and amended complaint seek relief on the basis of Honeywell's refusal to allow Ackley to exercise his stock options in 2012, and the purpose of the amendment was to allege that the reason Ackley was late in attempting to exercise the stock options was because the Option Agreement was not provided to him.

---

[18] In the August 2015 Ruling, the Court noted the Separation Agreement states it "does not apply to claims arising out of any act or omission occurring after the date you sign this Agreement and Release," and then determined Ackley's claims relating to the stock options did not arise until "he attempted to exercise the stock option and was prevented from doing so by Honeywell." *Ackley v. Honeywell Intern., Inc.*, 2015 WL 4911852, *2 (W.D.La. Aug. 17, 2015). The Court continued:

> There was nothing actionable at the time of termination, so there was no release at that time. Furthermore, if the provision were interpreted to broadly bar claims arising from the inability to exercise stock options after termination, then the Plan provision allowing exercise of stock options up to three years after termination would be largely meaningless.

*Id.*

[19] Doc. No. 92 at 4.

[20]*Id.* The language of the Amended Complaint upon which Honeywell relies reads as follows: "When Defendant issued the stock options to Plaintiff in July 2001, it failed to notify Plaintiff of the stock option expiration date and it failed to notify Plaintiff how he could go about exercising the option." Doc. No. 64 at 2.

The Court agrees the language in dispute is an allegation of fact and does not assert a new claim for relief. In the Report and Recommendation, the Magistrate Judge noted that Ackley had not attempted to exercise his stock options at the time he signed the Separation Agreement in 2009, and the stock options did not expire until 2011. The Separation Agreement "does not apply to claims arising out of any act or omission occurring after the date you sign this Agreement and Release."[21] Accordingly, even if the August 2015 Ruling is not the law of the case, the Court agrees with the Magistrate Judge's recommendation that Honeywell's claim for breach of the Separation Agreement should be dismissed, as Ackley had until July 15, 2011, as recognized in the Separation Agreement, to exercise the options. Accordingly, Ackley's claim was not waived pursuant to the Separation Agreement.

For the reasons set forth in the Report and Recommendation and this Ruling, the motions for summary judgment [Doc. Nos. 66, 72] are each **GRANTED IN PART** and **DENIED IN PART**, and all claims asserted by the Parties herein are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** on this 3rd day of April, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[21] Doc. No. 66-12 at 3.